IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 14-CR-2783 JB |
| | ) |
| THOMAS R. RODELLA and | ) |
| THOMAS R. RODELLA, JR. | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S CONSOLIDATED MOTION IN LIMINE

Defendant Thomas R. Rodella, by and through his attorneys, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby moves this Court to enter an order excluding all evidence in the following areas:

**I.   Evidence of Mr. Rodella's removal as a magistrate judge should be excluded in this matter.**

Mr. Rodella served as a magistrate judge in Rio Arriba County in 2005 and again from 2007-2008. Mr. Rodella was removed by the New Mexico Supreme Court from his position as a magistrate judge in 2008. The government has produced evidence in discovery regarding Mr. Rodella's removal as a magistrate judge. Mr. Rodella anticipates that the government will seek to introduce the evidence regarding Mr. Rodella's removal as a magistrate judge at trial.

The above-identified evidence should be excluded at trial on multiple grounds. First, evidence of Mr. Rodella's removal as a magistrate judge is not relevant in this case under Fed. R. Evid. 401. Under Rule 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. None of the evidence identified above relates to the

1

government's charges against Mr. Rodella, nor any defenses in this case. The New Mexico Supreme Court's decision to remove Mr. Rodella has nothing to do with Mr. Rodella's actions as a Sheriff, and certainly has nothing to do with his arrest of and interactions with Michael Tafoya. Furthermore, the removal occurred in 2008, six (6) years before the allegations in this case took place. This evidence does not make Mr. Rodella's alleged use of force more or less probable in any way, and such evidence is wholly unnecessary and immaterial for the jury in order to evaluate the criminal charges against Mr. Rodella.

Second, the evidence is inadmissible under Fed. R. Evid. 404(b). Under Fed. R. Evid. 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove "a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of prior bad acts is, however, admissible for purposes other than to show acts in conformity with character. Fed. R. Evid. 404(b). Such purposes include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* If offered for a proper purpose, the evidence of prior bad acts is admissible only if (1) it is relevant under Fed. R. Evid. 401; (2) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (3) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted. *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002) (citing *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000)). When balanced under Fed. R. Evid. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Preliminarily, there is no proper purpose for the admission of evidence regarding the

removal of Mr. Rodella as a magistrate judge, or any of the New Mexico Supreme Court's reasons for doing so, other than to impassion the jury and to attempt to show that Mr. Rodella is a "bad person." The admission of such evidence is strictly prohibited under Fed. R. Evid. 404(b) and should be excluded at trial.

Even if the Court finds that the evidence is offered for a proper purpose and relevant to the charges, such evidence is inadmissible when balanced under a Rule 403 analysis. The Fed. R. Evid. 403 inquiry focuses on whether the evidence results in unfair prejudice, or whether the evidence, within its context, has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *See* Fed. R. Evid. 403; Fed. R. Evid. 403, Adv. Comm. Note. The only relevance this evidence has, inappropriate as it is, would be to inflame the passions of the jury. Under Fed. R. Evid. 403, evidence of Mr. Rodella's tenure and removal as a magistrate judge has no conceivable probative value to any claim or defense in this case and should be excluded when balanced under Rule 403.

**II.    Evidence of alleged threats, intimidation, personnel disputes and/or lawsuits arising out of the Rio Arriba Sheriff's Office should be excluded at the trial in this matter.**

At the August 15, 2014 detention hearing in this case, Assistant United States Attorney Tara Neda argued that Mr. Rodella was a flight risk. As justification for the detention of Mr. Rodella, AUSA Neda argued that Mr. Rodella had made threats and intimidated individuals at the Rio Arriba Sheriff's Office. AUSA Neda also stated that there had been several personnel disputes and lawsuits arising out of the Rio Arriba County Sheriff's Office. The allegations are completely unfounded, and Mr. Rodella disputes them in their entirety. Nonetheless, it is anticipated that the government will seek to introduce all of this evidence at trial.

The above-described "information" is wholly unrelated to the charges in this case and should be excluded at trial under Fed. R. Evid. 401.  The personnel disputes in the Rio Arriba Sheriff's Office have nothing to do with Mr. Rodella's performance of his duties on March 11, 2014, which is the subject of the indictment in this case.  Likewise, any lawsuits which have arisen related to the Rio Arriba Sheriff's Office and the unfounded allegations the Mr. Rodella threated or intimidated people in the Rio Arriba Sheriff's Office are irrelevant to the allegations in this case.  The alleged victim in this case never worked with Mr. Rodella in the Sheriff's Office, and the allegations do not stem from an incident at the Rio Arriba Sheriff's Office.  As a result, Mr. Rodella's actions there have no relevance.  The evidence does not make it more or less probable that excessive force occurred or that Mr. Rodella acted improperly in his arrest of Michael Tafoya.

Second, the evidence is inadmissible under Fed. R. Evid. 404(b).  Under Fed. R. Evid. 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person in order to show action in conformity therewith.  Any evidence of the above-mentioned allegations against Mr. Rodella or evidence of unrelated lawsuits only serves to convince the jury that Mr. Rodella is a bad person.  Similarly, evidence or testimony that Mr. Rodella allegedly either threatened or intimidated people in the Rio Arriba Sheriff's Office serves only to inflame the jury and prejudice them against Mr. Rodella.  There is no proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident which the government could use this evidence to prove that Mr. Rodella used excessive force in his arrest of Michael Tafoya in order to allow its admission at trial.  As a result, this evidence must be excluded.

The evidence is further inadmissible under Fed. R. Evid. 403.  Evidence of any disputes,

allegations of threats or intimidation, or lawsuits would be highly prejudicial in front of a jury. Mr. Rodella disputes any allegations of wrongdoing which might result from evidence of the alleged threats, intimidations, disputes and/or lawsuits being admitted, and this evidence would greatly prejudice the jury against Mr. Rodella because it may cause jurors to believe that Mr. Rodella had a bad reputation as a Sheriff and, in doing so, distract the jury from listening to relevant evidence about the criminal charges against Mr. Rodella and his defenses.  Furthermore, the introduction of these alleged actions would lead to a series of mini-trials so that Mr. Rodella could prove the falsity of the allegations.  A jury would not be able to discern the allegations about Mr. Rodella and the actions in his office from their own duty to evaluate Mr. Rodella's actions while acting in his capacity as the Sheriff of Rio Arriba County as they relate to his interactions with Michael Tafoya and the allegations of excessive force made in the indictment. If the Court finds that such evidence is admissible under Fed. R. Evid. 401, the value of such testimony would be far more prejudicial, misleading and confusing to the jury than it would be probative of any claim or defense under a Fed. R. Evid. 403 balancing test.  For these reasons, evidence of any threats, intimidation, personnel disputes or lawsuits arising out of the Rio Arriba Sheriff's Office should not be admitted, nor referred to at the trial in this case, whether through testimony, the introduction of any exhibit or by any other means.

      **III.    Evidence that Mr. Rodella's law enforcement certification has been suspended should be excluded.**

It is anticipated that the government will attempt to introduce evidence that Mr. Rodella's New Mexico law enforcement certification has been suspended as a result of the allegations in this case.  Mr. Rodella's law enforcement certification was valid at all times referenced in the indictment in this matter.  It was not until after Mr. Rodella was charged with the allegations in this case that his law enforcement certification was suspended, and the suspension was imposed

5

as a matter of law by virtue of the allegations.

The current status of Mr. Rodella's certification has absolutely no bearing on whether or not Mr. Rodella used excessive force when he arrested Michael Tafoya, nor will it assist a jury in determining whether or not such actions took place. The suspension of Mr. Rodella's law enforcement certification did not take place until well after March 2014, and as a result, it is not relevant to the charges. Thus, the evidence should be excluded under Fed. R. Evid. 401.

Additionally, even if the Court finds that the evidence is offered for a proper purpose and is relevant to the charges in this case, such evidence is inadmissible when balanced under a Rule 403 analysis. Under Fed. R. Evid. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of evidence." While the suspension of Mr. Rodella's law enforcement certification was due to the formation of criminal charges against Mr. Rodella, the jury should not be able to consider the suspension as evidence of whether or not the allegations actually happened. Doing so will confuse the jury of the issues, and runs a significant risk of misleading the jury. The jury may be unable to discern that the suspension of Mr. Rodella's law enforcement certification does not have any bearing on his actual guilt or innocence of the crimes charged in the indictment. As such, even if the Court finds that this evidence is relevant, under the Rule 403 balancing test, the danger of unfair prejudice significantly outweighs any relevance that may exist. As such, this evidence should be excluded.

### IV.     Conclusion

FOR THESE REASONS, Defendant requests that the Court grant Defendant's Consolidated Motions *in Limine* and exclude the aforementioned evidence in this case at the trial

in this matter and for whatever other relief this Court deems just and proper.

                                        Respectfully submitted,

                                        /s/ Robert J. Gorence
                                        Robert J. Gorence
                                        Louren Oliveros
                                        Gorence & Oliveros, P.C.
                                        1305 Tijeras Avenue, NW
                                        Albuquerque, NM 87102
                                        Phone:  (505)  244-0214
                                        Fax:  (505) 244-0888
                                        Email:  gorence@golaw.us
                                        Email: oliveros@golaw.us

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 9th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence