IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-CR-02783-JB |
| | ) | |
| THOMAS R. RODELLA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO MOTION FOR THE APPOINTMENT OF COUNSEL

Defendant Thomas R. Rodella filed a Motion for the Appointment of Counsel (Doc. 246) with respect to his motion for compassionate release (Doc. 247). The government opposes the request for appointment of counsel with respect to a motion for compassionate release, as such an appointment is not required by the Constitution or authorized by statute.

Under 18 U.S.C. § 3582(c)(1)(A), the Director of Bureau of Prisons may file a motion for compassionate release, based on "extraordinary and compelling reasons." Under Section 603(b) of the First Step Act, effective December 21, 2018, an inmate may now also himself (or through his advocate) file such a motion. The Act amended Section 3582(c)(1)(A) to provide that the court may act: "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

However, there is no requirement of appointment of counsel in this circumstance. First, with respect to the Constitution, a defendant has no Sixth Amendment right to counsel in

connection with a Section 3582(c) motion. The courts of appeals to address the issue have uniformly held that a defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion filed after a defendant's direct appeal has concluded. *See, e.g.*, *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995); *United States v. Hart*, 331 F. App'x 972 (3d Cir. 2009) (not precedential); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015); *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 793-95 (11th Cir. 2009).

In the *Hart* decision, addressing a motion under Section 3582(c)(2), the Third Circuit panel stated:

> Generally speaking, a defendant does not have a right to counsel beyond the first direct appeal of a criminal conviction. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Therefore, a defendant is not entitled to be represented by counsel in a § 3582(c)(2) motion. *See United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) ("[T]here is no right to counsel when bringing a motion under § 3582(c)(2).").

*Hart*, 331 F. App'x at 973.

Further, a defendant has no statutory right to counsel in connection with a Section 3582(c) motion. The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." The courts have uniformly rejected the argument that a Section 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c).

To the contrary, the courts have consistently found that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion. *See, e.g.*, *Whitebird*, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); *Reddick*, 53 F.3d at 464-65 (same); *cf. Burrell v. United States*, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)). As the Fifth Circuit has observed:

> The legislative history of this amendment [adding the term "ancillary matters" to Section 3006A(c)] indicates that it was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial such as habeas corpus ad testificandum and mental competency hearings. There is no indication that the amendment was intended to create a statutory right to counsel to aid in the filing of motions after final conviction. The appointment of counsel in these instances is a matter within the sound discretion of the trial court.

*Whitebird*, 55 F.3d at 1011 (quoting *Burrell*, 332 A.2d at 347). *See also Webb*, 565 F.3d at 793-95 (extensive discussion explaining the view of all Circuits that a defendant has no right to counsel under the Constitution or the Criminal Justice Act, 18 U.S.C. § 3006A(c), with respect to a motion to reduce an otherwise final sentence).

Notably, the inmate does not have a right to a hearing with regard to a motion for compassionate release, bolstering the conclusion that there is no right to counsel. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon v. United States*, 560 U.S. 817, 827-28 (2010) (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the

imposition of a sentencing modification); *United States v. Styer*, 573 F.3d 151, 153-54 (3d Cir. 2009) (same).

The government has not objected to the appointment of the Defender Association to represent inmates en masse for purposes of assessing and litigating eligibility for sentencing reductions based on a retroactive guideline amendment (such as Amendments 706 (2007), 750 (2011), and 782 (2014)), or the provision of the First Step Act making retroactive the changes in the Fair Sentencing Act of 2010 concerning statutory penalties for crack cocaine offenses. That is because each of these projects is a one-time occurrence, requiring the simultaneous disposition of hundreds of motions based on the same body of law and straightforward facts, and the Court and all parties gain great efficiencies from the able assistance of the Defender Association at such times. A motion for compassionate release presents an entirely different circumstance. These are unique to each defendant, and may be presented at any time as the years pass; in fact, there is no statutory limit on the number of compassionate release motions a defendant may now file. It is inappropriate in these circumstances to create an entirely new basis for the appointment of counsel in post-conviction litigation, outside the requirements of the Constitution and statutory authority.

For these reasons, the government opposes the request for appointment of counsel.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/*
Jeremy Peña
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102

(505) 224-1451
(505) 346-7296 fax

I HEREBY CERTIFY that on July 6, 2020, I filed wthe foregoing electronically through the CM/ECF system, and promptly mailed it to Movant at the address he provided.

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney